7              UNITED STATES DISTRICT COURT

8         FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,                    No.  2:19-cr-107-KJM

11              Plaintiff,

12         v.                                      ORDER AFTER HEARING

13   JASON CORBETT,

14              Defendant.

15

16         This matter was before the court for hearing (*see* ECF Nos. 243 & 252) on the

17   government's motion for an order directing the Clerk of Court to file on the docket: (1) an August

18   29, 2019 order for the issuance of a Rule 17(c) subpoena;[1] and (2) any related submissions to the

19   court is support of defense counsel's application for the Rule 17(c) order.  ECF No. 197.  Mr.

20   Corbett (hereinafter "defendant") filed a response (ECF No. 211) and the government filed a

21   reply (ECF No. 226).  At close of hearing, the court directed that the order be publicly docketed

22   and took under submission the question of whether to docket the application materials.  The court

23   indicated at the hearing that a written order would follow.  ECF No. 252 at 16.

24                                      Background

25         On August 29, 2019, the court granted defense counsel's *ex parte* request for the issuance

26   of a subpoena pursuant to Rule 17(c) mandating that the Butte County District Attorney provide

27   _____

28         [1] Federal Rule of Criminal Procedure 17(c) describes the process by which a court can
     issue a subpoena *duces tecum* for the production of evidence before trial.

                                           1

defendant's counsel with non-privileged documents related to Butte County Superior Court Case

Nos. CM009910 and CM010468. ECF No. 197-1 at 1-2. As addressed below, the defendant's

application for the subpoena was presented *ex parte*, as is typical of defense applications for the

issuance of Rule 17(c) subpoenas. Nonetheless, the subpoena and order were served on the

district attorney's office and, not surprisingly, the government became aware of the order and its

content.[2] The government's instant motion requests that: (1) the August 29, 2019 order for

issuance of subpoena be docketed; and (2) that any *ex parte* submissions provided to the court

prior to the issuance of the August 29, 2019 order also be filed – potentially under seal if

defendant can so justify. *Id.* at 2-4.

Defendant argues that the government's motion is an attempt to undermine the long-

standing Rule 17(c) process followed in this district as initially set forth by *United States v.

Tomison*, 969 F. Supp. 587 (E.D. Cal. 1997). In *Tomison*, Judge Lawrence Karlton recognized

that a criminal defendant required the ability to obtain a Rule 17(c) subpoena in confidence, lest

his trial strategy be potentially laid bare to the prosecution. *Id.* at 592-94. Judge Karlton, after

weighing the text of the rule and relevant decisions made by other courts, concluded that "[Rule

17(c)] should be interpreted to provide for ex-parte applications in situations, such as the matter at

bar, where the defendant seeks to serve a subpoena *duces tecum* for the pre-trial production of

documents on a third party, and cannot make the required showing without revealing trial

strategy." *Id.* at 595. Defendant argues that, if the government's requested relief were granted, it

would amount to an "end run to attempt to learn defense strategy and undermine the holding in

*Tomison*." ECF No. 211 at 6.

In its reply, the government unequivocally states that it is not asking the court to order that

defendant reveal his defense strategy. ECF No. 226 at 1. It notes and accepts that defendant's

application may be filed under seal in order to prevent such revelation. *Id.* And it argues that

*Tomison* would not be eroded insofar as it did not discuss the issue now raised – whether orders

and application for Rule 17(c) subpoenas should be filed on the docket. *Id.* at 2. The government

---

[2] The government has not seen and does not have access to the application materials.

points[3] to the Ninth Circuit's recent decision in *United States v. Sleugh*, 896 F.3d 1007 (9th Cir. 2018) as supportive of its position. In *Sleugh*, the Ninth Circuit considered whether one defendant in a criminal case could access Rule 17(c) subpoena applications and supporting documents that were filed under seal by another defendant's attorney in the same case. *Id.* at 1010. In its decision, the Ninth Circuit noted that applications in support of a Rule 17(c) subpoena are "*often* filed ex parte and under seal." *Id.* (emphasis added).

## Analysis

As addressed at the hearing, the court concluded that the order must be docketed. Rule 55 mandates that "[t]he clerk must enter in the records every court order of judgment and the date of entry." Fed. R. Crim. P. 55. Thus, the order for the issuance of the subpoena in question here will be docketed. As further addressed at the hearing, although the Rule 17(c) application at issue here justified proceeding *ex parte,* the defense has already served on the district attorney's office the subpoena and the order for its issuance. In turn, the government already possess both documents and there is no longer a basis for sealing the order. Thus, for the reasons discussed at the hearing the Clerk of Court will be directed to file the August 29, 2019 order on the public docket. ECF No. 252 at 13 ("As to the order itself, I'm ordering it docketed given that the government already has a copy of the order as well as the subpoena. I don't see the need to enter a sealing order as to this particular order.").

The more difficult question, as the court noted at the hearing, concerns the filing of the application materials submitted in support of the August 29, 2019 order. ECF No. 252 at 9. Having considered the parties' arguments, the court finds the government's position as to docketing of those material (whether publicly or under seal) to be more persuasive. The Ninth Circuit's decision in *Sleugh* offers two points in favor of docketing Rule 17(c) application materials. As noted *supra*, the Ninth Circuit explicitly noted that such application materials were often filed *ex parte* and under seal. *Sleugh*, 896 F.3d at 1010. In so doing, it appeared to offer tacit approval for this procedure. Second, and perhaps more importantly, *Sleugh* illustrates the

---

[3] *Sleugh* was also cited in the government's initial motion. ECF No. 197 at 3.

3

1   potential necessity for filing these materials on the docket.  The court noted at the October 8,

2   2019 hearing that the Ninth Circuit panel could not have decided the issue raised in *Sleugh*

3   without the benefit of the filed application materials.  ECF No. 252 at 9-10.  And, as the

4   government pointed out at the hearing (*id.* at 11-12), other circumstances or issues – not yet

5   conceived of by the court or parties in this case – might arise which would demand that a

6   reviewing court be able to access the application materials.[4]

7          At the hearing, the only relevant[5] argument offered by defendant's counsel concerned the

8   possibility of docketing error.  Counsel argued:

9                   I would point out though that I think every lawyer who's involved in
                    this case, and myself in particular, I can cite specific instances where
10                  clerks – not the one in this courtroom, but other clerks have publicly
                    docketed the orders pursuant to a 17(c) request so that they were
11                  available both to the public and to the government.   It's been
                    corrected, but it's always been corrected after the fact and so that is,
12                  at least in part, why the defense objects to anything being docketed
                    whatsoever; because of the significant risk of error and if there is
13                  errors (sic), it's almost certainly going to disclose defense strategy.

14  ECF No. 252 at 3-4.  The court understands counsel's concerns, but it does not find this argument

15  persuasive.  It is undoubtedly true that clerks of this court, like all human beings, are fallible and

16  will err from time to time.  Those errors are unfortunate and will, as counsel points out,

17  sometimes have profound litigative consequences.  Nevertheless, courts are routinely entrusted to

18  docket all manner of sensitive material under seal.  Some materials, like the affidavits submitted

19  in support of search warrants might, if erroneously publicized, potentially endanger the lives of

20  government informants or those who execute the warrants.  Nevertheless, the court entrusts its

---

21          [4] Another benefit of filing the application materials, not touched upon or invoked by
22  *Sleugh*, would be the assurance to future appellants and reviewing courts that *all* relevant
    materials had been properly preserved.  That is, once the application documents are filed, the
23  court would step into a custodial role and thereby ensure that no party or reviewer would have
    cause to question whether only part of the application package had been preserved (or ultimately
24  turned over).

25          [5] To be sure, defense counsel reiterated its position that the government's motion is an
26  attempt to undermine *Tomison* and the procedure it set out.  ECF No. 252 at 10.  But it is unclear
    to the court how the filing of application materials *ex parte* and under seal undermines *Tomison* in
27  any substantial or automatic way.  The *ex parte* sealing maintains the confidentiality of defense
    strategy while also ensuring that any subsequent review, if necessary, is performed with the
28  benefit of a complete record.

4

1  clerks to file those materials under seal. And counsel's arguments regarding fallibility cut both

2  ways. Attorneys also make mistakes and it is not impossible to imagine a scenario in which

3  application materials become pertinent on review and, due to some mistake or omission on the

4  part of a defendant's counsel, are no longer available (either in total or in part).

5       Thus, for the reasons stated above, the court will direct that the application materials

6  offered in support of the August 29, 2019 order be docketed. However, that docketing will, as

7  discussed at the hearing, be *ex parte* and under seal. ECF No. 252 at 14 ("I do find that the 17(c)

8  application that's in issue here justified proceeding in an *ex parte* fashion. It also justified

9  keeping the application materials themselves confidential.").

10       Finally, the court declines to address the issue of whether a defendant may obtain a non-

11  disclosure order prohibiting the recipient of a Rule 17(c) pretrial subpoena *duces tecum* from

12  disclosing the content of order/subpoena to the government. No non-disclosure order was

13  obtained with regard to the subpoena at issue here and, thus, the issue is not ripe. *See, e.g., Allard*

14  *v. De Lorean*, 884 F.2d 464, 466 (9th Cir. 1989) ("This court has no jurisdiction to hear a case

15  that cannot affect the litigant's rights.").

16       It is, therefore, ORDERED that:

17       1. The government's motion (ECF No. 197) is GRANTED in part;

18       2. The Clerk of Court is directed to file, **on the public docket**, the order for issuance of

19  and the August 29, 2019 subpoena, attached to the government's motion at ECF No. 197-1 at 2;

20       3. Within seven days of the date this order is served, counsel for the defense shall submit

21  all application materials offered in support of the August 29, 2019 order for subpoena to the

22  Clerk's Office in PDF format to the email address approvedsealed@caed.uscourts.gov; and

23       4. The Clerk of Court is directed to docket and file the application materials mentioned

24  above **under seal**.

25  DATED: October 17, 2019.

26                                      EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE

27

28

5