Kresta Nora Daly, SBN 199689
BARTH DALY LLP
2810 Fifth Street
Davis, CA 95618
Telephone: (916) 440-8600
Facsimile: (916) 440-9610
Email: kdaly@barth-daly.com

Richard G. Novak, SBN 149303
Law Offices of Richard G. Novak
65 N. Raymond Ave., Suite 320
Pasadena, CA 91103
Telephone: (626) 578-1175
Facsimile: (626) 685-2562
Email: richard@rgnlaw.com

Attorneys for Defendant JASON CORBETT

# IN THE UNITED STATED DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON CORBETT,<br><br>Defendant. | Case No. 2:19-CR-00107-KJM-EFB<br><br>**EX PARTE APPLICATION FOR ORDER RE: APPOINTMENT OF INVESTIGATOR** |

**Summary of Issue**

The team representing Mr. Corbett has encountered significant difficulty in obtaining certain records in this matter despite the fact the defense has provided entities with releases signed by Mr. Corbett. In order to facilitate the collection of records Mr. Corbett respectfully requests this Court issue an order evidencing that Rebecca Dobkin and Frank Huntington are licensed private investigators appointed by the Court to investigate Mr. Corbett's case.

**Procedural History**

A criminal complaint naming Jason Corbett along with others was filed under seal in this court on May 21, 2019. On June 14, 2019 an indictment against him and others was unsealed.

{00030340} - 1 -

1 Based on the accusations in the indictment Mr. Corbett is potentially eligible for the death

2 penalty. The undersigned counsel was appointed to represent Jason Corbett in July 2019. Shortly

3 thereafter Richard Novak was appointed as Learned Counsel for Mr. Corbett. These

4 appointments are reflected on the docket.

5 **Factual Background**

6 After being appointed on this case Mr. Novak and Ms. Daly assembled a team to represent

7 Mr. Corbett. Among the members of that team are licensed private investigators Rebecca Dobkin

8 and Frank Huntington. The investigators are not listed on the docket.

9 Because Mr. Corbett is potentially facing the death penalty the team representing

10 Mr. Corbett is charged with developing a personal history in connection with their mitigation

11 investigation. Collection of a wide-range of documents is a core responsibility of counsel in a

12 death case and is a central aspect of the mitigation investigation. The facts and circumstances of

13 Jason Corbett's life are all core mitigation information.

14 The Commentary to the *ABA Guidelines for the Appointment and Performance of Defense*

15 *Counsel in Death Penalty* Cases ("ABA Guidelines") states,

16
17 Counsel should use all appropriate avenues including signed
releases, subpoenas, court orders, and requests or litigation pursuant
to applicable open records statutes to obtain **all potentially
relevant information pertaining to the client, his or her siblings**
18 **and parents**, including but not limited to:

19       (a)    School records;
      (b)    Social service and welfare records;
20       (c)    Juvenile dependency or family court records;
      (d)    Medical records;
21       (e)    Military records;
      (f)    Employment records;
22       (g)    Criminal and correctional records;
      (h)    Family birth, marriage and death records;
23       (i)    Alcohol and drug abuse assessment or treatment records, and
      (j)    INS records.
24

25 ABA Guidelines, Guideline 10.7, Comment (emphasis added). The "Supplementary Guidelines

26 For The Mitigation Function of Defense Teams In Death Penalty Cases", 36 Hoflr 677, 2008.

27 Guideline 10.11(B) reads:

28 ///

BARTH DALY LLP
ATTORNEYS AT LAW

{00030340}        - 2 -

BARTH DALY LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9

> The defense team must conduct an ongoing, exhaustive and independent investigation of every aspect of the client's character, history, record and any circumstances of the offense, or other factors, which may provide a basis for a sentence less than death. The investigation into a client's life history must survey a broad set of sources and includes, but is not limited to: medical history; complete prenatal, pediatric and adult health information; exposure to harmful substances in utero and in the environment; substance abuse history; mental health history; history of maltreatment and neglect; trauma history; educational history; employment and training history; military experience; multi-generational family history, genetic disorders and vulnerabilities, as well as multi-generational patterns of behavior; prior adult and juvenile correctional experience; religious, gender, sexual orientation, ethnic, racial, cultural and community influences; socio-economic, historical, and political factors.

10   At every stage of the proceedings, counsel has a duty to investigate the case thoroughly.

11   See *Powell v. Alabama*, 287 U.S. 45, 57 (1932) (describing "thorough-going investigation as

12   vitally important"); ABA Standards for Criminal Justice: Defense Function Standard 4-4.1, 4-6.1,

13   in ABA Standards for Criminal Justice: Prosecution Function and Defense Function (3d ed.

14   1993); Nat'l Legal Aid & Defender Ass'n, Performance Guidelines for Criminal Defense

15   Representation, Guideline 4.1 (1997). Numerous courts have found counsel ineffective when

16   they have failed to conduct an adequate investigation for sentencing. See, e.g. *Wiggins v. Smith*,

17   539 U.S. 510 (2003) (counsel ineffective because, although they obtained some mitigation

18   evidence, they failed to investigate the client's social history or explore the numerous areas of

19   mitigation listed in the ABA Guidelines), *Williams v. Taylor*, 529 U.S. 362 (2000) (counsel

20   ineffective for failing to uncover and present evidence of defendant's "nightmarish childhood,"

21   borderline mental retardation and good conduct in prison); *Douglas v. Woodford*, 316 F.3d 1079

22   (9th Cir. 2003) (although counsel did uncover and present some mitigating evidence, his

23   investigation "was constitutionally inadequate" for failing to dig deeply enough into client's

24   social, medical and psychological background; nor did counsel adequately prepare the penalty

25   phase witnesses in order to present the material that he did have "to the jury in a sufficiently

26   detailed and sympathetic manner").

27   Consistent with their legal and ethical obligations the defense team has begun, or at least

28   attempted to begin, collecting relevant background records. Among the records the defense seeks

{00030340}                                          - 3 -

to collect are Mr. Corbett's school records.  In order to obtain those records Mr. Corbett executed

releases directing his former school to provide these records.  The school refuses.  The school

maintains they will only provide the records to Mr. Corbett if he personally appears at the school

and requests these documents or the defense team provides proof that the investigator attempting

to obtain the records is appointed by the court on behalf of Mr. Corbett.[1]

**Request**

Attached to this Ex Parte Application are two proposed orders; one for Ms. Dobkin and

another for Mr. Huntington.  In sum, each order states that the named investigator is Court

appointed to assist in Mr. Corbett's defense.  Mr. Corbett requests this Court sign these orders so

the private investigators working on the Corbett defense team can in turn show these order to

Mr. Corbett's former school, as well as potentially other agencies, in order to obtain records for

which the defense has releases executed by Mr. Corbett.

Dated:  February 14, 2020.           BARTH DALY LLP


By     /s/ Kresta Nora Daly
            KRESTA NORA DALY

---

[1] The school's position is, to put it mildly, uncommon.  The attorneys and investigators working on behalf of Mr. Corbett have never experienced such difficulty in obtaining records for which they have valid releases.

{00030340}                                    - 4 -

## **ORDER**

This order is evidence that Rebecca Dobkin, a private investigator licensed to practice in California, is and has been appointed to assist counsel in their representation of Jason Corbett in United States District Court, in and for the Eastern District of California, Case No. 2:19-CR-00107-KJM.

This order is evidence that Frank Huntington, a private investigator licensed to practice in California, is and has been appointed to assist counsel in their representation of Jason Corbett in United States District Court, in and for the Eastern District of California Case No. 2:19-CR-00107-KJM.

Dated: February 19, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

BARTH DALY LLP
ATTORNEYS AT LAW

{00030340}                                         - 5 -