UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:19-cr-00107-KJM |
| Plaintiff, | ORDER |
| v. | |
| Ronald Yandell, et al., | |
| Defendants. | |

Defendant Jason Corbett is detained pretrial in the Sacramento County Jail. He contends the booths the jail provides to him and his attorneys for their in-person meetings do not prevent others from hearing what he and his attorneys say. *See* Mot. at 2, ECF No., 753; *see also* Joinders, ECF Nos 799 & 800 (joinders by co-defendants Brady, Yandell). Corbett alleges similarly that the phones he and other defendants must use to call their attorneys hang on hard walls out in the open near intercom microphones that prison staff could use to listen in. *See* Mot. at 3. He moves for an order permitting an expert witness, specifically an industrial hygienist, to investigate these claims. *See id.* at 4–5.

The government opposes the motion. *See generally* Opp'n, ECF No. 783. It contests Corbett's claim that the booths and phones are not confidential, *see id.* at 5–7, 13–14, 15–18,

/////

objects to his evidence, *see id.* at 13–16, argues he or others can rely instead on videoconferences to consult confidentially with attorneys, *see id.* at 7–9, and disputes the legal authority Corbett relies on to request an expert investigation, *see id.* at 9–13. Corbett disagrees on each point. *See generally* Reply, ECF No. 796.

**Corbett's request for an order permitting an inspection by an industrial hygienist is denied**. He has not cited authority to show an expert investigation would assist the court in resolving the parties' dispute. Lay witnesses can give admissible testimony about what they can hear without relying on "scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(c). The sounds a person can and cannot hear are "personal knowledge." Fed. R. Evid. 602. This court's previous order is not to the contrary. *See* Prev. Order at 9 (July 8, 2020), ECF No. 510. In that order, the court declined only to consider an unhelpful, unauthenticated expert report from an industrial hygienist; it did not hold that an expert opinion by an industrial hygienist is a necessary predicate to relief.

In the interest of resolving the parties' more fundamental confidentiality disputes, the court offers the following observations, based on its prior order:

1. If third parties can hear the content of conversations from outside the only room in which the defendants can meet their attorneys in person, then the government has not complied with this court's previous order. *See* Prev. Order § IV.1 ("In-person visits with attorneys must be conducted in a way that the content of conversations is not audible outside the visitation booth.").

2. If third parties can hear the content of conversations from the only phone the jail offers for the defendants to make phone calls to their attorneys, then the government has not complied with this court's previous order, unless the jail instead permits the defendants to speak with their attorneys by videoconference in a way that prevents third parties from overhearing them. *See id.* § IV.3 ("Defendants must be allowed to make phone calls to their attorneys in a way that prevents third parties from overhearing them.").

/////

1     This order resolves ECF No. 753.

2     IT IS SO ORDERED.

3  DATED: October 12, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE